SHAWN D. MORRIS, ESQ.
California Bar No. 134855
WILL LEMKUL, ESQ.
California Bar No. 219061
MATTHEW YARLING, ESQ.
California Bar No. 190774
MORRIS, SULLIVAN & LEMKUL, LLP
9915 Mira Mesa Blvd., Suite 300
San Diego, CA 92131
Telephone: (858) 566-7600
Telecopier: (858) 566-6602
Attorneys for Plaintiffs

FILED
2008 AUG 29 PM 4:47
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 1598 W NLS

| | |
|---|---|
| WINDOW WORLD SAN DIEGO, INC., a California corporation; WINDOW WORLD, INC., a North Carolina corporation;<br><br>Plaintiffs,<br><br>vs.<br><br>WINDOW WORLD, INC., a California corporation DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>1. FEDERAL TRADEMARK INFRINGEMENT;<br>2. COMMON LAW TRADEMARK INFRINGEMENT;<br>3. FALSE DESIGNATION OF ORIGIN;<br>4. UNFAIR COMPETITION; and<br>5. CALIFORNIA STATE TRADEMARK INFRINGEMENT.<br><br>**DEMAND FOR JURY TRIAL** |

NOW APPEARS, WINDOW WORLD SAN DIEGO, INC.; and WINDOW WORLD, INC., (hereinafter "Plaintiffs" or "WINDOW WORLD"), and hereby brings this action against WINDOW WORLD, INC., (hereinafter "Defendant") for injunctive relief and damages under the laws of the United States and the laws of the state of California, as follows:

////

////

## SUBJECT MATTER JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over the claims in this action which relate to trademark infringement pursuant to the provisions of 28 U.S.C. §§ 1331, 1332 and/or 1338, and 15 U.S.C. §§ 1114(1), 1121 and/or 1125(a). The common law trademark infringement, and State of California statutory and common law claims of unfair competition join with a substantial and related claim under the Federal trademark laws. Further, regarding the common law, and statutory State of California claims, this Court has jurisdiction under the doctrines of Pendent and Ancillary Jurisdiction.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and/or (c). The infringing products which are the subject of this litigation were advertised, distributed, sold, and/or offered for distribution and sale in the Southern District of California; resulting consumer confusion has occurred and will occur in Southern District of California; the claims alleged in this action arose in the Southern District of California; and/or the defendants, and each of them, may be found in the Southern District of California.

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff WINDOW WORLD SAN DIEGO, INC., is a California corporation with its principal place of business in Escondido, California. WINDOW WORLD SAN DIEGO, INC., was at all relevant times a corporation organized and existing under the laws of the state of California.

4. Plaintiff WINDOW WORLD, INC., is a North Carolina corporation with its principal place of business in Wilmington, North Carolina; WINDOW WORLD, INC., was at all relevant times a corporation organized and existing under the laws of the state of North Carolina.

5. Upon information and belief, Defendant WINDOW WORLD, INC., ("Defendant") is a California corporation having an office at 20640 Plummer Street, Chatsworth CA 91311. Upon information and belief, Defendant resides and/or transacts business in the Southern District of California, including, but not limited to importation, distribution, advertisement, sale and/or offer for sale of goods; and the acts of infringement and other

wrongful acts alleged in this Complaint occurred in the Southern District of California.

6.  Plaintiffs are ignorant of the true names and capacities of defendants DOES 1 though 100, inclusive, and by reason thereof sues said Defendants by their fictitious names; Plaintiffs will obtain leave of court, if necessary, to amend this complaint to allege the true names and capacities of these fictitiously-named Defendants when their identities are fully and finally ascertained.

## NATURE OF THE DISPUTE

7.  Plaintiffs design, distribute, market and sell goods throughout the United States, under a stylized logo of two windows and the distinctive term "WINDOW WORLD." This distinctive mark is federally registered under United States Trademark Registration Number 2,331,991 in International Class 037 (hereinafter "Registered Mark"). A true and correct copy of United States Trademark Registration Number 2,331,991 is attached hereto as Exhibit "1."

8.  Plaintiffs are the owners of all rights, title and interest in the Registered Mark attached hereto as Exhibits "1." Further, Plaintiffs are the owners of all common law rights, title and interest in the stylized WINDOW WORLD logo.

9.  Plaintiffs WINDOW WORLD, is in the business of designing, manufacturing, distributing and selling a wide variety of goods bearing the WINDOW WORLD Trademark, or similar variations thereof. The goods designed, manufactured, advertised, distributed and sold by Plaintiffs WINDOW WORLD include, but are not limited to, vinyl replacement and new construction windows. Plaintiffs WINDOW WORLD began its business in or about 1995.

10. Plaintiff WINDOW WORLD created and has continually used an original artistic design of a stylized logo of two windows together with the world symbol "WINDOW WORLD." In or bout March of 1998, Plaintiff WINDOW WORLD filed for a Federal Trademark Registration for its WINDOW WORLD trademark.

11. The designs included in Plaintiffs WINDOW WORLD's Trademark are distinctive and arbitrary, and goods bearing the WINDOW WORLD Trademark are identified by the purchasing public and in the construction trade as merchandise emanating from Plaintiffs

WINDOW WORLD. Plaintiffs WINDOW WORLD's use of the WINDOW WORLD Trademark on goods, including, but not limited to, vinyl replacement and new construction windows, has been open, notorious, continuous and widespread. A label with the WINDOW WORLD Trademark is affixed on each window manufactured for Plaintiff WINDOW WORLD as it comes off the factory floor.

12. Plaintiffs WINDOW WORLD's products utilizing the WINDOW WORLD Trademark have been extremely popular. Plaintiffs WINDOW WORLD have had an exceptional sales record and demand for products bearing the WINDOW WORLD Trademark have been growing exponetially since their introduction into the marketplace. Plaintiffs WINDOW WORLD's products have appeared in various industry magazines, trade shows and trade publications. The sale of products bearing the WINDOW WORLD Trademark have resulted in both a large gross income and net profit to Plaintiffs WINDOW WORLD.

13. Plaintiffs WINDOW WORLD have expended an enormous sum of money in promoting and advertising their products under the WINDOW WORLD Trademark, including trade publications, brochures, pamphlets, flyers and other advertising materials.

14. As a result of Plaintiffs WINDOW WORLD's extensive advertising and promotion of the WINDOW WORLD Trademark, the targeted purchasing public identifies products bearing the WINDOW WORLD Trademark as goods emanating from Plaintiffs WINDOW WORLD and expect such goods to have its source of origin with Plaintiffs WINDOW WORLD and to be made with the same high quality standards and ruggedness expected of Plaintiffs WINDOW WORLD products and to withstand personal (end-user) and professional (contractor) use intended for Plaintiffs WINDOW WORLD's products.

15. The WINDOW WORLD Trademark is valid, subsisting and **incontestable**. Registration of the WINDOW WORLD Registered Mark – before any registration by Defendant of Window World – constitutes prima facie evidence of Plaintiffs WINDOW WORLD's exclusive ownership of the WINDOW WORLD Trademark.

16. Defendant, without the consent of Plaintiffs, is designing, manufacturing, licensing, distributing, and/or importing windows and/or other replacement vinyl window–

related goods utilizing a stylized logo of "WINDOW WORLD" in a manner which is confusingly similar to Plaintiffs' WINDOW WORLD Trademark. A true and correct copy of the type of mark utilized by Defendant is attached hereto as Exhibit "2."

17. In view of the Registration of the Registered Mark, and the continuous, open, and notorious use of the WINDOW WORLD Trademark, the Defendant had notice of WINDOW WORLD's Trademark.

18. The products provided by Defendant are of the same general type and are intended for the <u>exact</u> same purpose and same class of purchasers as the products provided by Plaintiffs' which bear WINDOW WORLD Trademark.

19. Sales of the Defendant's goods utilizing a stylized WINDOW WORLD logo together constitutes a false designation of origin of the Defendant's products and constitutes deceptive trade practices and unfair competition, irreparably damaging Plaintiffs and their rights in the WINDOW WORLD Trademark.

## FIRST CLAIM FOR RELIEF

(Trademark Infringement in Violation of the Lanham Act §43(a),

15 U.S.C. §1114(1) against all Defendants.)

20. Plaintiffs reallege, and incorporate herein by this reference, each and every allegation set forth in paragraphs 1 though 19, inclusive.

21. Plaintiffs have advertised and promoted their products under the Registered Mark, and as a result of this advertising and promotion, Plaintiffs' products and the Registered Mark have come to mean and are understood to mean the products of Plaintiffs WINDOW WORLD, and are the means by which those products are distinguished from the products of others in the same and in related fields.

22. Defendant's activities complained of in this Complaint constitute unauthorized manufacturing and/or use and/or distribution and/or selling in California and in interstate commerce of goods bearing a reproduction, counterfeit, copy and/or colorable imitation of the Registered Mark, or a confusingly similar mark. Such activities have caused, and are likely to cause, consumer confusion, consumer mistake, and/or deception as to the source or association of

the products.

////

23.  Further, the activities of Defendant are intended to, and are likely to, lead the public to incorrectly conclude that the products being offered, marketed, distributed and/or sold by Defendant originate, are sponsored by, or associated with, or are authorized to be offered, marketed, distributed and/or sold by Plaintiffs WINDOW WORLD, to the damage and harm of Plaintiffs, its licensees, distributers and the public. Defendant's activities constitute violation of the Lanham Trademark Act.

24.  As a result of the foregoing, Plaintiffs have been damaged in an amount which is not precisely ascertainable, but which is greatly in excess of the jurisdictional minimum of this Court, and which will be alleged by amendment at such time when it is precisely ascertained.

25.  The activities of Defendant as alleged in this complaint have caused and will continue to cause irreparable harm to Plaintiffs' business(es) for which Plaintiffs have no adequate remedy at law in that: 1) if Defendant's wrongful conduct continues, consumers are likely to become further confused as to the source, association or approval of Defendant's confusingly similar products; 2) Plaintiffs' products and goodwill are unique and valuable property which have no readily determinable market value; 3) the infringement by Defendant constitutes an interference with Plaintiffs' goodwill and customer relationships; and 4) Defendant's wrongful conduct, and the damages resulting to Plaintiffs are continuing. Accordingly, Plaintiffs are entitled to permanent injunctive relief.

26.  Plaintiffs are entitled to recover their attorneys fees and costs of suit pursuant to 15 U.S.C. §1117.

## SECOND CLAIM FOR RELIEF

(Common Law Trademark Infringement Against All Defendants)

27.  Plaintiffs reallege, and incorporate herein by this reference, each and every allegation set forth in paragraphs 1 though 26, inclusive.

28.  Plaintiffs have advertised and promoted their products under the WINDOW WORLD Trademark and as a result of this advertising and promotion, Plaintiffs' products and

Trademarks have come to mean and are understood to mean the products of Plaintiffs, and are the means by which those products are distinguished from the products of others in the same and in related fields.

29. Because of the long, continuous and exclusive use of the Plaintiffs' Marks described in this complaint, the Plaintiffs' Marks have acquired a secondary meaning associated by purchasers and the public with Plaintiffs' products.

30. Defendant's activities complained of in this complaint constitute unauthorized manufacturing and/or use and/or distribution and/or selling in California and in interstate commerce of goods bearing a reproduction, copy and/or colorable imitation of the Plaintiffs' Marks or confusingly similar marks. Such activities have caused, and are likely to cause confusion, mistake, or deception as to the source or association of the products.

31. Further, the activities of Defendant are intended to, and are likely to, lead the public to conclude, incorrectly, that the products being offered, marketed, distributed and/or sold by Defendant originate, are sponsored by, or associated with or are authorized to be offered, marketed, distributed and/or sold by Plaintiffs, to the damage and harm of Plaintiffs, its licensees and the public.

32. As a result of the foregoing, Plaintiffs have been damaged in an amount which is not precisely ascertainable, but which is in excess of the jurisdictional minimum of this Court.

33. The activities of Defendant as alleged in this Complaint have caused and will continue to cause irreparable harm to Plaintiffs for which Plaintiffs have no adequate remedy at law in that: 1) if Defendant's wrongful conduct continues, consumers are likely to become further confused as to the source, association or approval of Defendant's confusingly similar products; 2) Plaintiffs's products and goodwill are unique and valuable property which have no readily determinable market value; 3) the infringement by Defendant constitutes an interference with Plaintiffs' goodwill and customer relationships; and 4) Defendant's wrongful conduct, and the damages resulting to Plaintiffs is continuing. Accordingly, Plaintiffs are entitled to permanent injunctive relief.

////

## THIRD CLAIM FOR RELIEF

(False Designation of Origin and False Description in Violation of the Lanham Act §43(a), 15 U.S.C. §§ 1114(1) and 1125(a) Against All Defendants)

34. Plaintiffs realleges, and incorporate by this reference, each and every allegation set forth in paragraphs 1 though 33, inclusive.

35. Defendant's use of a WINDOW WORLD logo on Defendant's products is causing and is likely to continue to cause confusion as to the source thereof and, therefore, constitutes a false designation of origin and a false description of Defendant's goods as being made or sponsored by, or associated with, or affiliated with, or authorized by Plaintiffs. Plaintiffs have been or likely will be damaged by Defendant's use of the substantially similar and confusing mark. The importing, manufacturing, licensing, distribution, marketing, sale and/or offer for sale by Defendant of the infringing goods constitutes a violation of the Lanham Trademark Act, including, but not limited to, 15 U.S.C. §1125(a).

36. Unless permanently restrained and enjoined, Defendant will continue to import, manufacture, license, distribute, market, sell and/or offer to sell their products, or the products of other Defendants, in violation of Plaintiffs' rights, thereby causing Plaintiffs substantial and irreparable damage to its business, reputation, and goodwill. Because the amount of these damages cannot be readily ascertained at law, Plaintiffs are without an adequate remedy at law.

37. Plaintiffs have been damaged in an amount as yet unascertained by the acts of Defendants, and each of them, but which is in excess of the jurisdictional minimum of this Court.

## FOURTH CLAIM FOR RELIEF

(Unfair Competition Against All Defendants)

38. Plaintiffs reallege, and incorporate by this reference, each and every allegation set forth in paragraphs 1 through 37, inclusive.

39. The acts and conduct of Defendant alleged in this complaint (i) constitute an unfair competition at common law; (ii) violate the Uniform Deceptive Trade Practices Act, California Business & Professions Code § 17200 et seq.; and/or (iii) constitute an infringement of Plaintiffs' statutory and common law rights in its trademarks and improper and unfair

1  competition with Plaintiffs.

2      40.    Defendant's conduct as alleged above has damaged and will continue to damage Plaintiffs' goodwill and reputation and has resulted in a loss of profits to Plaintiffs in an amount which is unknown at the present time, but which is in excess of the jurisdictional minimum of this Honorable Court. Further, Defendant has made profits from the infringing use and from the acts of unfair competition, the extent of such profits being currently unknown to Plaintiffs, but in excess of the jurisdictional minimum of this Court.

    41.    Unless permanently restrained and enjoined, Defendant will continue to offer goods using a mark which infringes Plaintiffs' registered and common law trademarks thereby causing customer confusion as well as causing Plaintiffs substantial damage to its business, reputation and goodwill. Because the amount of these damages cannot be readily ascertained, Plaintiffs are without an adequate remedy at law.

### FIFTH CLAIM FOR RELEIEF

(California State Trademark Violation, Business and Professions Code § 14230(6))

    42.    Plaintiffs reallege, and incorporate herein by this reference, each and every allegation set forth in paragraphs 1 though 41, inclusive.

    43.    Plaintiffs have advertised and promoted their products under the Registered Mark, and as a result of this advertising and promotion, Plaintiffs' products and the Registered Marks have come to mean and are understood to mean the products of Plaintiffs WINDOW WORLD, and are the means by which those products are distinguished from the products of others in the same and in related fields.

    44.    In or about 2004, Plaintiffs licensed the name WINDOW WORLD SAN DIEGO, together with a license to use Plaintiffs' federally registered mark: "WINDOW WORLD," Registration Number 2,331,991.

    45.    On or about August 23, 2006, Defendant registered a service mark in the state of California using the logo "WINDOW WORLD."

    46.    Defendant's registration in the state of California of the service mark "WINDOW WORLD" has caused, or is likely to cause, consumer confusion, consumer mistake, and/or

1 | deception as to the source or association of the products.

2 |     47. California State Trademark Law, Business and Professions Code § 14230(6) states

3 | as follows: The secretary shall cancel from the register, in whole or in

4 | part, any of the following:

5 |                                     * * *

> (6) The registered mark is so similar to a mark registered by another person in the United States Patent and Trademark Office prior to the date of the filing of the application for registration by the registrant hereunder, and not abandoned, as to be likely to cause confusion or mistake, or to deceive. However, should the registrant prove that the registrant is the owner of a concurrent registration of a mark in the United States Patent and Trademark Office covering an area including this state, the registration hereunder shall not be canceled for that area of the state.

    48. Defendant's California state registered service mark "WINDOW WORLD" is similar to Plaintiffs' mark which was previously registered in the United States Patent and Trademark Office. Plaintiffs' registration of the "WINDOW WORLD" mark in the United States Patent and Trademark Office occurred <u>prior</u> to the date of the filing of the application for service mark registration by Defendant. Accordingly, Defendant's registration of "WINDOW WORLD" is likely to cause confusion or mistake, or to deceive and must be cancelled.

    49. Defendant's registration of the "WINDOW WORLD" mark, as alleged in this Complaint, has caused and/or will cause irreparable harm to Plaintiffs for which Plaintiffs have no adequate remedy at law in that: 1) if Defendant's wrongful conduct continues, consumers are likely to become further confused as to the source, association or approval of Defendant's confusingly similar products; 2) Plaintiffs' products and goodwill are unique and valuable property which have no readily determinable market value; 3) the infringement by Defendant constitutes an interference with Plaintiffs' goodwill and customer relationships; and 4) Defendant's wrongful conduct, and the damages resulting to Plaintiffs is continuing. Accordingly, Defendant's California state service mark registration of the "WINDOW WORLD" mark must be cancelled under California State Trademark Violation, Business and Professions Code § 14230(6).

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiffs** respectfully request judgment as follows:

1. That the court enter a judgment against Defendant that they have:

    (a) infringed the rights of Plaintiffs in its federally-registered trademarks under 15 U.S.C. § 1114;

    (b) infringed the common law rights of Plaintiffs in its trademarks;

    (c) committed and are committing acts of false designation or origin, false or misleading description and false or misleading representation against Plaintiffs (see Lanham Act § 43(a) and 15 U.S.C. 1125(a));

    (d) competed unfairly with Plaintiffs at common law and in violation of California Business & Professions Code § 17200 et., seq.; and

    (e) otherwise injured the business reputation and business of Plaintiffs by their acts and conduct set forth in this complaint.

2. That the Court issue a permanent injunction against Defendant and that Defendant, its officers, directors, principals, agents, representatives, servants, employees, successors and assigns, and all others in active concert or participation with Defendant be enjoined and restrained from:

    (a) imitating, copying or making unauthorized use of Plaintiffs' Registered Trademarks and any other works protected by Plaintiffs irrespective of the origin of such products;

    (b) manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, importing, exporting, promoting or displaying any product or thing bearing any simulation, reproduction, copy or confusingly similar likeness of Plaintiffs' Registered Trademarks and/or any portion thereof, and/or the products protected by Plaintiffs' trademarks and any other works protected by any of Plaintiffs' trademarks;

    (c) engaging in any other activity constituting an infringement of the Plaintiffs' Trademarks, or of Plaintiffs' rights in, or to use or to exploit, said trademarks,

name, reputation or goodwill;

(d) using any false designation of origin or false description which can or is likely to lead the construction, remodeling and home improvement industry (trade), or public, or individual members thereof, erroneously to believe that any product or thing has been manufactured, distributed, offered for sale, sold, licensed, sponsored, approved, or authorized by or for Plaintiffs, when such is not in fact true;

(e) engaging in any unauthorized or unlicensed standalone sales or distribution of any product bearing any of, or any likeness of, Plaintiffs' Trademarks or any portion thereof, or any other works protected by Plaintiffs' trademarks irrespective of the origin of such products; and

(f) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) though (e) above;

3. That the Court order Defendant to pay to Plaintiffs both the cost of this action and the reasonable attorneys fees incurred by it in prosecuting this action; and

4. That the Court order the cancellation of Defendant's state service mark registration under California State Trademark Law, Business and Professions Code § 14230(6); and

5. That the Court grant Plaintiffs such further and additional relief as it deems just and proper.

Dated: August 29, 2008

MORRIS, SULLIVAN & LEMKUL, LLP

By
WILL LEMKUL
MATTHEW YARLING
Attorneys for Plaintiffs

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
WINDOW WORLD SAN DIEGO, INC., a California corporation;
WINDOW WORLD, INC., a North Carolina corporation;

**DEFENDANTS**
WINDOW WORLD, INC., a California corporation; DOES 1 through 100, inclusive

(b) County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED
2008 AUG 29 PM 4:47
CLERK, US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
VIA BPF
DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)
Shawn D. Morris, Esq. - MORRIS, SULLIVAN & LEMKUL LLP
9915 Mira Mesa Boulevard, Suite 300, San Diego, CA, 92131

Attorneys (If Known)
**08 CV 1598 W NLS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC Section 1114(1)
Brief description of cause:
Trademark Infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 08/29/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 154581  AMOUNT $350  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____



```
     UNITED STATES
     DISTRICT COURT
  SOUTHERN DISTRICT OF CALIFORNIA
        SAN DIEGO DIVISION

    # 154581    - TC
    * * C O P Y * *
    August 29, 2008
        16:47:54


     Civ Fil Non-Pris
USAO #.: 08CV1598
Judge..: THOMAS J WHELAN
Amount.:              $350.00 CK
Check#.: BC8137



Total-> $350.00


FROM: WINDOW WORLD, SAN DIEGO
      VS
      WINDOW WORLD INC
```